UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.:

BONNIE MARINI, Ph.D,

    Plaintiff,

v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Bonnie Marini, Ph.D, files her Complaint against Defendant, Lincoln Life Assurance Company of Boston, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Bonnie Marini, Ph.D ("Dr. Marini"), is a resident of Seminole County, Florida and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Lincoln Life Assurance Company of Boston ("Lincoln" or "Defendant") is the insurer and claims administrator of the long-term disability ("LTD") policy, is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Lincoln.

4. At all times material, Lincoln operated under an inherent structural conflict of interest because of Lincoln's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Dr. Marini was employed with Siemens Corporation ("Siemens") first as a Marketing Director, and later as a Project Engineering Manager.

6. By virtue of her employment at Siemens, Dr. Marini was an eligible participant of the LTD Policy at all time material to this action.

7. The purpose of the LTD Policy was to provide Dr. Marini a monthly benefit in the event that she became disabled ("long-term disability benefits").

8. The LTD Policy defined Disability, in pertinent part, as follows:

   *"Disability" or "Disabled" means:*

   *1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

   > *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Industry or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

   > *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity the Material and Substantial Duties of Any Occupation.*

9. Dr. Marini suffers from retinal detachment, macular edema, chronic distorted double vision, loss of vision, headaches, and eye strain, among other issues.

10. Due to her disabling conditions, Dr. Marini was forced to discontinue working on

July 29, 2019.

11.     Dr. Marini is unable to perform with reasonable continuity the Material and Substantial Duties of her Own Occupation or any occupation. She is disabled under the terms of the LTD Policy.

12.     Dr. Marini submitted her claim for long-term disability benefits pursuant to the terms of the LTD policy, and submitted medical records, test results, and correspondence from her treating provider in support of her claim.

13.     By letter dated May 5, 2020, Lincoln approved Dr. Marini's claim for long-term disability benefits.

14.     By letter dated March 10, 2022, Lincoln terminated Dr. Marini's long-term disability benefits.

15.     By letter dated June 15, 2022, Dr. Marini timely submitted an appeal and evidence in support of her disability. Supportive evidence included support letters from two of her treating physicians, an independent peer review of her medical records, updated medical records, supporting letters from family, and a questionnaire completed by a treating physician.

16.     In support of her appeal, Dr. Marini submitted an independent peer review report authored by Dr. Robert G. Josephberg, MD. In his report, Dr. Josephberg concludes that Dr. Marini "cannot work reliably and consistently in *any* occupation on a full-time basis."

17.     By letter dated June 28, 2022, Lincoln notified Dr. Marini that on June 15, 2022, it had received her appeal.

18.     By letter dated July 29, 2022, Lincoln requested a 30-day extension because Dr. Marini's "claim remains under medical review."

19.     The Employee Retirement Income Security Act of 1974 (ERISA) and 29 CFR

2560.503-1(i)(3)(i) require that a plan administrator notify the claimant of the plan's benefit determination on review no later than 45 days after receipt of claimant's appeal letter, unless there are special circumstances that require an extension. The plan administrator must indicate the special circumstances that require an extension of time. Defendant's 45-day deadline to render a decision on Dr. Marini's appeal fell on August 1, 2022.

20. By letter dated August 1, 2022, Dr. Marini notified Lincoln that, under ERISA, the 45-day deadline to make a determination on her claim was August 1, 2022, and that a "medical review is not a special circumstance under ERISA regulations warranting an extension."

21. Lincoln ignored Dr. Marini's letter advising Lincoln that it was in violation of ERISA by not timely making a benefit determination.

22. Dr. Marini's appeal for long-term disability benefits is deemed denied by Lincoln's failure to render a timely decision.

23. Dr. Marini has exhausted her appeals under ERISA.

24. By terminating Dr. Marini's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants who never examined her.

25. Lincoln's termination of Dr. Marini's long-term disability benefits breached the fiduciary duties owed to Dr. Marini under ERISA. Defendant further failed to discharge its duty with respect to discretionary claims, failing to process claims solely in the interests of Dr. Marini as a participant of the LTD Policy.

26. Lincoln has failed and refused to render a long-term disability benefit decision in the time period allowed under ERISA and so Dr. Marini's appeal is deemed denied.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 26 as if fully stated herein and says further that:

27. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

28. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to thebenefits.

29. Lincoln has refused to pay the benefits sought by Dr. Marini, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 29 as if fully stated herein and says further that:

30. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits.

31. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

32. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the LTD policy had her benefits not been wrongfully denied by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bonnie Marini, Ph.D prays for a judgment against Defendant, Lincoln Life Assurance Company of Boston, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 5th day of August, 2022.*

*/s/ Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff*